1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY E. LEWIS,                                    No. C 12-6221 SI (pr)

       Petitioner,                                    **ORDER OF DISMISSAL**

    v.

M. SPEARMAN, Warden,

       Respondent.

_____/

**INTRODUCTION**

    Anthony E. Lewis filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the sentence imposed following his 2004 conviction. Respondent has moved to dismiss the petition on the ground of untimeliness, and Lewis has filed an opposition. For the reasons discussed below, the action will be dismissed as time-barred.

**BACKGROUND**

    Lewis pled guilty and was convicted in Santa Clara County Superior Court of six counts of second degree robbery, sixteen counts of second degree burglary, and seven counts of grand theft. He also admitted that he had suffered a prior serious felony conviction that qualified as a strike under California's Three Strikes Law, and that he had served three prior prison terms. The trial court struck the prior conviction and the three prior prison terms. On November 19, 2004, the trial court sentenced Lewis to a total of twenty-one years and eight months in prison.

1    Lewis appealed.  The California Court of Appeal affirmed his conviction on January 23,

2  2006.  The California Supreme Court denied his petition for review on April 12, 2006.

3    On March 27, 2007, Lewis filed a petition for writ of mandate and/or prohibition in the

4  California Court of Appeal.  That petition was denied on May 17, 2007.

5    On November 15, 2007, Lewis filed a habeas petition in the Santa Clara County Superior

6  Court.  That petition was denied on December 31, 2007.

7    On January 28, 2008, Lewis filed a habeas petition in the California Court of Appeal.

8  That petition was denied on February 15, 2008.

9    On May 28, 2008, Lewis filed a habeas petition in the California Supreme Court.  That

10  petition was denied on December 10, 2008.

11    On February 16, 2012, Lewis filed another habeas petition in the California Court of

12  Appeal.  That petition was denied on March 9, 2012.

13    On April 5, 2012, Lewis filed a habeas petition in the California Supreme Court.  That

14  petition was denied on July 11, 2012, with citations to *In re Robbins*, 18 Cal. 4th 770, 780

15  (1998), and *In re Clark*, 5 Cal. 4th 750, 767-89 (1993).

16    Lewis then filed a federal habeas petition with a proof of service stating that it was mailed

17  on November 6 of an unstated year.  The petition was stamped "filed" at the courthouse on

18  December 7, 2012.  For purposes of the present motion, the court assumes the petition was

19  mailed on November 6, 2012, despite the absence of a year on the proof of service.  Due to

20  Lewis' status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox

21  rule, which deems most documents filed when they are given to prison officials to mail to the

22  court rather than the day the document reaches the courthouse.  *See Stillman v. Lamarque*, 319

23  F.3d 1199, 1201 (9th Cir. 2003).  His federal petition is deemed filed as of November 6, 2012.

24    Respondent now moves to dismiss the petition as time-barred.

25

26    **DISCUSSION**

27  Petitions filed by prisoners challenging non-capital state convictions or sentences must

28

2

be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period started on July 11, 2006, ninety days after the California Supreme Court denied the petition for review on April 12, 2006. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so).[1]  The presumptive deadline for Lewis to file his federal petition was July 11, 2007.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).   A state habeas petition is considered pending not only for the time the case is open on the docket of some court, but also for the time period between state habeas petitions if the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

By the time Lewis filed his first state petition for collateral review on March 27, 2007, 259 days of the limitations period had passed.  The limitations period was tolled during the

---

[1]Lewis urges that "the magnitude of petitioner's sentencing errors was not discovered until now" because unpublished California appellate court opinions "suffer[] from a lack of quality and oversight."  Docket # 8 at 6.  A delayed start of the limitations period is allowed until the time "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Under this provision, the limitations period begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (citation omitted). Lewis has known the important facts for his claim since his sentencing in 2004, i.e., he has known since then that he was sentenced to consecutive terms that totaled 21 years and 8 months in prison.  He is not entitled to a delayed start of the limitations period under § 2244(d)(1)(D).

pendency of that petition.  After the first petition for collateral review was denied on May 17, 2007, another 182 days passed before Lewis filed his second petition for collateral review on November 15, 2007.  Lewis does not receive tolling for the gap between the denial of the first petition and the filing of the second petition because the second petition was not filed in a higher level court and was not filed within what California would consider a reasonable time.  *See, e.g., Evans*, 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within *Carey*'s definition of the term "pending"); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (finding 91-day and 81-day delays between state habeas petitions were "'unreasonable'" with no indications from the California courts to the contrary); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days between successive petitions not reasonable, so later petition not "timely filed");  *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (no tolling for 101-day and 115-day gaps between state habeas petitions where those petitions offered no justification for the delays as required under California law).  The one-year limitations period expired on August 31, 2007, before that second petition was filed.  The second petition and all later state petitions for collateral review have no tolling effect because petitions filed after the statute of limitations period has ended cannot toll the limitation period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

The § 2244(d) limitations period can be equitably tolled for a petitioner who shows that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing.  *See Holland v. Florida*, 560 U.S. 631, —, 130 S. Ct. 2549, 2562 (2010).  Lewis does not show any basis for equitable tolling of the limitations period.

Lewis contends that a petitioner need not justify a delay in filing a habeas petition when the petitioner is challenging an excessive sentence or there is a "fundamental miscarriage of

justice." *See* Docket # 8 at 1.

A federal court may hear the merits of a successive, abusive, procedurally defaulted, or untimely claims if the failure to hear the claims would constitute a miscarriage of justice. The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. at 496). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup*, 513 U.S. at 316 & n.32. The actual innocence gateway established in *Schlup* is available to a petitioner whose petition is otherwise barred by AEDPA's limitations period. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[I]f a petitioner . . . presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim." *Schlup*, 513 U.S. at 316. The required evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321.[2]

Assuming arguendo that the actual innocence gateway is available to a petitioner whose conviction rests on a guilty plea, Lewis cannot pass through the gateway because he makes no effort to show actual innocence. His argument appears to be that there was a "miscarriage of justice" because his sentence was, in his view, "absurd." Docket # 8 at 1. Perceived absurdity does not amount to a miscarriage of justice and does not excuse the untimely petition. Further, Lewis' assertion that he was consecutively sentenced under a provision that applies only to sex offenders misses the mark because he has mixed up two statutes: California Penal Code § 667.6

---

[2]The *Schlup* test does not work well with a petitioner who has pled guilty or no contest rather than gone to trial. This court will assume arguendo that the actual innocence gateway would be available to a petitioner who has pled no contest, but that is an open question. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (en banc).

1    concerns prior sex offenses and California § 667 concerns regular habitual offenders.  Although

2    Lewis posits otherwise, § 667(c)(6) is not a subdivision of § 667.6.  Lewis does not show a

3    miscarriage of justice that allows him to avoid the statute of limitations.

4            Lewis' federal petition was deemed filed on November 6, 2012, more than five years after

5    the limitations period had expired.  The petition must be dismissed because it was not filed

6    before the expiration of the habeas statute of limitations period.

7            A certificate of appealability will not issue because this is not a case in which "jurists of

8    reason would find it debatable whether the petition states a valid claim of the denial of a

9    constitutional right and that jurists of reason would find it debatable whether the district court

10   was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

11

12                                        **CONCLUSION**

13           Respondent's motion to dismiss is GRANTED.  (Docket # 7.)  The petition for writ of

14   habeas corpus is dismissed because it was not filed before the expiration of the limitations

15   period in 28 U.S.C. § 2244(d)(1).

16           The clerk will close the file.

17           IT IS SO ORDERED.

18   DATED: October 7, 2013                    _____
                                                        SUSAN ILLSTON
19                                               United States District Judge

20

21

22

23

24

25

26

27

28

                                               6